UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

Case No. 6:26-cv-2388-PGB-RMN

# ORDER

This matter is before the Court without oral argument on Plaintiff John Doe's Motion for Leave to Proceed Pseudonymously (Dkt. 3), filed October 13, 2026. For the reasons stated below, the Motion is denied.

## I. BACKGROUND

On October 13, 2026, Plaintiff, proceeding anonymously under the pseudonym "John Doe," filed a petition for a declaratory judgment confirming that his registration obligation under the Sex Offender Registration and Notification Act ("SORNA") terminated on March 30, 2024 by operation of law, and directing the DOJ SMART Office, FBI CJIS Division, and FDLE to remove his record from the National Sex Offender Registry. Dkt. 1 at 88. Plaintiff now moves to proceed pseudonymously. Dkt. 3. Defendant has not yet appeared.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "name all the parties." Fed. R. Civ. P. 10(a). This rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." *Id.* A party may proceed anonymously or pseudonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

Whether a party's right to privacy outweighs the presumption of judicial openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020). A litigant may proceed anonymously in cases that involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Frank*, 951 F.2d at 324. The Eleventh Circuit has identified six non-exclusive factors for courts to consider when deciding whether a party should be permitted to proceed anonymously, whether:

> (1) the case involves a challenge to government or private activity;

> (2) the party will be required to disclose information of the utmost intimacy;
> (3) the party would be threatened by violence or physical harm if they proceeded in their real name;
> (4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution;
> (5) the party is a minor; and
> (6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant.

*Francis*, 631 F.3d at 1316 (cleaned up).

## III. ANALYSIS

In the Motion, Plaintiff argues that he should be permitted to proceed pseudonymously based primarily on the first, second, and sixth factors. Dkt. 3 at 142–44. Plaintiff is challenging government action, and the allegations in the petition relate to the listing of Plaintiff's information on the National Sex Offender Registry. Plaintiff argues that the government will not be prejudiced by pseudonymous filing because its ability to defend in the action does not depend on knowing Plaintiff's name. *Id.* at 144. He also argues that filing the petition under his real name would defeat the petition's purpose, which is to remove his name from a public federal database. *Id.* at 143.

The allegations in the complaint and the arguments provided in the Motion do not provide a sufficient basis to grant Plaintiff leave to proceed under a pseudonym. Plaintiff is challenging government action, and the

Court agrees that the United States would not be prejudiced by pseudonymous filing, but these factors alone are not enough to overcome the strong presumption favoring parties proceeding under their own name. Plaintiff does not allege any risk of physical harm or prosecution, and Plaintiff is not a minor.

While this case does involve Plaintiff's allegedly improper listing on the National Sex Offender Registry, the public disclosure of this fact has already occurred given that Plaintiff's information is already on the registry, even if it may ultimately be removed should he prevail. Plaintiff argues that filing under his real name would create a "publicly searchable federal court docket entry associating [Plaintiff's] name with sex offender registration proceedings—the precise associative harm the motion is designed to eliminate[,]" and that a PACER search of Plaintiff's name would "return this proceeding and the underlying facts indefinitely, regardless of outcome." Dkt. 3 at 143. Those harms are insufficient. Litigation sometimes causes the amplification of the harm that a litigant wishes to avoid.[1]

In addition, here the underlying facts—such as Plaintiff's nolo contendere plea to the underlying offense in state court—are already public records available in public and private databases. Proceeding under his real name here then does not cause Plaintiff additional harm. *See, e.g.*, *M.M. v.*

---

[1] This is the famous "Streisand effect." *See, e.g.*, *Roe v. Does 1-11*, No. 20-cv-3788, 2020 WL 6152174, at *2–3 (E.D.N.Y. Oct. 14, 2020) (rejecting amplification-of-harm argument).

*Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (denying motion to proceed anonymously, in part, because "the plaintiff's identity is already known").

Although some courts conclude differently, *see, e.g.*, *Doe v. Alaska*, 122 F.3d 1070 (9th Cir. 1997), I find any potential harm to Plaintiff caused by his identification here is outweighed by the "public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Frank*, 951 F.2d at 322.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Leave to Proceed Pseudonymously (Dkt. 3) is **DENIED**.

2. The Clerk shall enter Plaintiff's name on the docket, and update the case caption accordingly, if Plaintiff does not file an objection to this order on or before November 6, 2026.

**DONE** and **ORDERED** in Orlando, Florida, on October 22, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Pro Se Plaintiff